**CITY ATTORNEY'S OFFICE FOR**
**THE CITY OF SOUTH LAKE TAHOE**
Heather L. Stroud, City Attorney, SB# 263833
**hstroud@cityofslt.us**
Beverly A. Roxas, Assistant City Attorney, SB#298582
**broxas@cityofslt.us**
**1901 Lisa Maloff Way, Suite 300**
**South Lake Tahoe, CA 96150**
**(530) 542-6046; FAX (530) 542-7411**

Attorney for Defendants CITY OF SOUTH LAKE TAHOE POLICE DEPARTMENT, CITY OF SOUTH LAKE TAHOE, NICK CARLQUIST, DEREK SIMON, JOSEPH ACKER, MATTHEW MORRISON, and TRAVIS CABRAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WAYNE S. CALHOON, | Case No.: 2:19-CV-02165-KJM-EFB |
| Plaintiff, | DISCOVERY MATTER |
| vs. | [~~PROPOSED~~] PROTECTIVE ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| CITY OF SOUTH LAKE TAHOE POLICE DEPARTMENT, et al, | |
| Defendants. | Date: September 16, 2020 |
| | Time: 10:00 a.m. |
| | Ctrm: 8 |
| | Judge: Magistrate Edmund F. Brennan |
| | Action Filed: October 25, 2019 |
| | Trial Date: Not Set |

In order to protect confidential information contained within South Lake Tahoe Police Department Personnel Records produced pursuant to discovery in this case, the parties, through and by their respective counsel, stipulate and are ordered as follows:

For any and all personnel record that a Defendant in this action considers to be confidential, and subject to this Protective Order, defendant shall clearly mark such documents as "Confidential Pursuant to Protective Order".

As to any and all such documents marked in this fashion, the following shall apply:

1. Each such document produced and marked shall only be used for customary and legitimate litigation purposes directly related to the present matter as captioned above;

2. No party may knowingly transfer, publish, or distribute any such document produced and marked to any person except as is necessary for use by an attorney of record in this action, or a person regularly employed in the office of an attorney of record in this action or to a retained expert for a party in this action.

3. Plaintiff in this action shall be permitted to view any and all such records at the discretion of his counsel, but plaintiff shall not be furnished with a copy or other image of such personnel records or any portion such documents marked and disclosed by defendants.

4. In the event a Plaintiff's counsel deems it necessary to furnish or otherwise disclose a confidential document to a retained expert in this case, that attorney shall first provide each such expert with a copy of this Order and obtain that expert's written agreement to comply with the terms of this Order.

5. No party shall distribute any such disclosed and marked personnel record to any member of the press or to any lawyer not appearing in this case, or to any member of the public for examination, dissemination or use in any matter whatsoever.

/ / /

6. Plaintiff's counsel shall without undue delay destroy and remove from its files all confidential personnel records produced by Defendants that relate to any individual dismissed from this case.

7. Plaintiff's counsel shall without undue delay destroy and remove its files all confidential personnel records after the lapse of all final deadlines for appeal or upon settlement or other resolution of the entire case.

8. Storage of any document marked and produced pursuant to this Protective Order on attorney's secured cloud storage system shall not of itself be deemed a violation of this Order.

IT IS SO ORDERED.

Date: September 24, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE