1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Wayne Calhoon,                            No. 2:19-cv-02165-KJM-JDP

12                      Plaintiff,             ORDER

13         v.

14   City of South Lake Tahoe, et al.,

15                      Defendants.

16

17         Wayne Calhoon moves for reconsideration of this court's October 8, 2020 order granting

18   in part defendant's motion to dismiss.  *See generally* Mot., ECF No. 42; Order (MTD Order) at 1

19   & 15, ECF No. 38.  As explained in more detail below, **the motion is denied**.

20   I.      BACKGROUND

21         In its previous order, the court summarized the background of this litigation, up through

22   plaintiff's filing of the first amended complaint, and need not repeat it here.  MTD Order at 1–3.

23         Plaintiff filed his first amended complaint, *see* ECF No. 13, and defendants filed a motion

24   to dismiss all federal section 1983 claims against the individual police officer defendants.  Mot. to

25   Dismiss (MTD) at 6, ECF No. 15.  Defendants argued plaintiff pled too generally by not

26   providing "what actions on behalf of what officer violated what constitutional right."  *Id*. at 9.

27   The court granted defendants' request and dismissed those claims with prejudice, reasoning that

28   plaintiff did not address or oppose defendants' position, either in opposition or at hearing, noting

1

"[i]t is not for the court to litigate plaintiff's case," MTD Order at 14–15. Plaintiff then filed a motion for reconsideration. Mot. for Recon. Mem. P&A, ECF No. 42-1. However, after the parties filed, and the court adopted, a stipulation for plaintiff's filing a third amended complaint, *see generally* Stip. and Order, ECF No. 46, the court denied as moot the motion for reconsideration, *see* Minute Order, ECF No. 48. In response, plaintiff filed an ex parte application to vacate that denial, ECF No. 51, which the court granted by minute order, ECF No. 54, thus reviving the motion for reconsideration, which the court now resolves by this order.

In February 2021, pending the court's resolution of plaintiff's motion to reconsider and "[t]o avoid another FRCP 12(b)(6) motion," the parties stipulated to plaintiff's amending his third amended complaint to remove a claim the court had already dismissed and the City of South Lake Tahoe would then " respond accordingly." Stip. ¶¶ 8–9, ECF No. 58.

## II.    LEGAL STANDARD

A court may relieve a party from an order under Rule 60 of the Federal Rules of Civil Procedure for "mistake, inadvertence, fraud, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1), (b)(6). The Local Rules provide a plaintiff should point to new or different facts or circumstances that did not exist or were not shown previously and explain why the facts or circumstances were not shown at the time of the prior motion. *See* E.D. Cal. L. R. 230(j)(3)–(4). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

## III.    ANALYSIS

Plaintiff argues this court's October 8, 2020 ruling reflected a mistake as contemplated by the rules on reconsideration, because: 1) the court "misunderstood Plaintiff's position" as reflected in the pleadings on the motion and at hearing, or 2) plaintiff "erred in expressing . . . plainly [his] meritorious position" at hearing. Mot. for Recon. Mem. P&A at 2. Plaintiff's position that his first amended complaint (FAC) adequately pleaded a short and plain statement showing that he was entitled to relief, *id*. at 3, does not rest on either newly discovered evidence

or a change in the controlling law. Plaintiff's mere disagreement with this court's ruling does not present new or different facts or circumstances for this court to review that did not previously exist at the time the court issued it decision on defendants' motion to dismiss. Put simply, this argument does not explain how the court committed a clear error.

Next, plaintiff reiterates his claims as alleged in the FAC and his opposition to defendants' motion to dismiss. *Id*. at 4. Once again, these arguments do not present new evidence, a change in the law, or identify a clear error by the court. Plaintiff is not providing new information, as the court had access to these arguments when it issued its motion to dismiss order. Plaintiff also claims "counsel has no recollection" that the court inquired as to the basis for the 42 U.S.C. § 1983 claims against the officers. *Id*. at 6. To the extent plaintiff is suggesting his attorney failed to understand questions posed by the court at hearing, or otherwise did not respond to questions, this argument too does not provide a basis for reconsideration. "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). It is not the court's responsibility to infer arguments counsel could or should have made; not doing so most certainly does not rise to the level of clear error.

Plaintiff's arguments do not provide a basis for granting a Rule 60(b) motion. To the extent some of the arguments are new, his motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**IV.    CONCLUSION**

Plaintiff's motion for reconsideration is **denied**.

This order resolves ECF No. 42.

IT IS SO ORDERED.

DATED: July 14, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

3