UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wayne S. Calhoon, | No. 2:19-cv-02165-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| City of South Lake Tahoe Police Dep't, et al., | |
| Defendants. | |

In this civil rights action, plaintiff Wayne S. Calhoon seeks relief under 42 U.S.C. § 1983. The City of South Lake Tahoe and individual police officers (collectively "city defendants")[1] move under Federal Rule of Civil Procedure 41(b), arguing the court should dismiss Calhoon's untimely filing of his fourth amended complaint. They also argue under Rule 12(b)(6) the court should dismiss Calhoon's first §1983 claims against the City of South Lake Tahoe and all but one federal claim against all the individual officers, because the court expressly dismissed individual police officers in its previous order. *See generally* Mot. Dismiss, ECF No. 67. The court **denies** the motion under Rule 41(b), without reaching the Rule 12(b)(6) grounds. The court **strikes** Calhoon's first claim as to defendant Travis Cabral.

---

[1] The court notes Motel 6 Operating, L.P. is also a defendant in this case. Only the public entities are moving for dismissal at this time.

**I.     BACKGROUND**

In its previous order, the court summarized the events giving rise to plaintiff's claims and so incorporates that factual background by reference here. *See* Order (Oct. 7, 2020) at 1–3, ECF No. 38. In that order the court dismissed the Police Department as an improper defendant because all claims against it were duplicative of those plaintiff pled against the City of South Lake Tahoe. *Id*. at 4. Additionally, the court dismissed plaintiff's claims against the named police officers in their individual capacity, without leave to amend. *Id.* at 14–15 (dismissing defendants Nick Carlquist, Derek Simon, Joseph Acker, and Matthew Morrison). The court did not dismiss plaintiff's supervisory liability claim against Cabral. *Id.* at 13–14. In a separate order, the court also denied Calhoon's motion for reconsideration of the previous order. *See* Order (July 15, 2021), ECF No. 65.

In May 2021, the court granted the parties' stipulation permitting plaintiff to file a fourth amended complaint by no later than June 1, 2021. *See* Min. Order (May 4, 2021), ECF No. 62. On July 9, 2021, more than a month past the filing deadline, Calhoon submitted this amended complaint. *See generally* Fourth Am. Compl., ECF No. 64. Calhoon brings five claims:[2] (1) violation of civil rights under 42 U.S.C. § 1983 against Motel 6, Hightower and Cabral;[3] (2) failure to adequately hire, train, and supervise police personnel under § 1983 against Cabral; (3) assault and battery against Carlquist and Acker; (4) false arrest; and (5) general negligence against individually named police officers Hightower, Carlquist, Acker, Morrison, and Cabral. *Id.* ¶¶ 14–92.

Defendants move to dismiss all claims against them under Rule 41(b) on the grounds that Calhoon filed his amended complaint later than the court allowed. Mem. P. & A. at 4–5, ECF

---

[2] In accordance with Local Rule 123(a)(3), the court related this action to *Calhoon v. Motel 6 Operating L.P., et al.*, No. 2:20-cv-02046-KJM-AC (E.D. Cal). *See* Related Case Order (June 21, 2021), ECF No. 63.

[3] *See* Fourth Am. Compl. ¶ 18; *McDade v. West*, 223 F.3d 1135, 1139–40 (9th Cir. 2000) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'").

No. 67-1.  Alternatively, defendants move to dismiss Calhoon's first claim against them under Rule 12(b)(6).  *Id.* at 5–6.  The court has jurisdiction over Calhoon's federal claims under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.  The court resolves the motion without reaching defendants' arguments under Rule 12(b)(6) because it need not given the procedural posture of the case.

## II.   LEGAL STANDARD

A party may move for dismissal of an action for failure to comply with a court order.  Fed. R. Civ. P. 41(b).  Before granting dismissal as a sanction under Rule 41(b), a court should weigh several factors: "the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions."  *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).  Dismissal is the ultimate sanction, so it should only be imposed in "extreme circumstances."  *Id.* (quoting *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)).

A party seeking to justify a late filing must show the neglect demonstrated by the lateness was "excusable."  Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect" is an "equitable doctrine" determined by application of a four-part test laid out in *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993).  The four factors are "the danger of prejudice to the [non-filing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith."  *Iopa v. Saltchuk-Young Brothers, Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019) (quoting *Pioneer*, 507 U.S. at 395).  The Ninth Circuit has left "the weighing of *Pioneer*'s equitable factors to the discretion of the district court."  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

## III.   ANALYSIS

### A.   Rule 41(b) and Excusable Neglect

The court weighs the *Pioneer* factors, which in this case are largely overlapping, as follows.  Regarding the first three factors, plaintiff's late filing did not create a significant delay

3

or danger of prejudice for defendants. Plaintiff's counsel, Edwin Bradley, became ill on May 28, visited the hospital on June 2, and was on medical disability leave from the end of May until late July due to COVID-19 and follow-on pneumonia. *See* Bradley Decl. ¶¶ 1–4, ECF No. 73-1. He attributes his month-long delay in filing Calhoon's fourth amended complaint to his illness, the onset and course of which was beyond his control. *Id.* ¶ 7. Defendants are not prejudiced by the delay because the parties had stipulated to plaintiff's filing a fourth amended complaint; the fact of Calhoon's filing was not a surprise. Suppl. Joint Stmt. at 2, ECF No. 61. While defendants argue Bradley should have requested an extension or that his partner should have taken over the matter in his absence, they did not take any action during the delay and do not point to any undue prejudice. Reply at 2–3, ECF No. 74. While Bradley should have formally requested leave to file the amended complaint late, the court on balance and in the interests of justice finds Bradley's delay justifiable given the extenuating circumstances surrounding his illness.[4] Additionally, regarding the fourth factor, nothing in the record provides evidence of bad faith. Bradley Decl. ¶¶ 5–7 (explaining timeline for recovery and return to work). Accordingly, defendants' motion to the extent it is based on Rule 41(b) is denied.

### B.   First Claim and Previous Order

A court may sua sponte "strike from a pleading . . . any . . . impertinent, . . . matter." Fed. R. Civ. P. 12(f)(1); *Silvas v. County of Riverside*, No. 19-2358, 2020 WL 7086144, at *2 (C.D. Cal. Oct. 9, 2020) (striking impertinent claims against defendants erroneously included in plaintiff's complaint because court previously dismissed with prejudice).

The court strikes Calhoon's first claim in his fourth amended complaint as to defendant Cabral because this claim is barred by the court's previous order. Specifically, the court previously dismissed without leave to amend all individually named police officers, including Cabral. *Cf.* Fourth Am. Compl. at 4 *with* Order (Oct. 7, 2020) at 14–15 (dismissing, among others, defendants Nick Carlquist, Joseph Acker and Matthew Morrison[5] and denying motion to

---

[4] Bradley is cautioned however that he must observe best litigation practices going forward or risk the court's more strict application of the rules prospectively.

[5] Although plaintiff references Simon in the allegations of the amended complaint he does not name him as a defendant.

1 | dismiss against Sergeant Cabral).  Plaintiff cannot recover against parties the court previously
2 | dismissed.  *See Jones v. Grant Cty., Wash.*, No. CV-12-0188, 2012 WL 5377796, at *4 (E.D.
3 | Wash. Nov. 1, 2012) (noting plaintiff's lack of standing to pursue claims previously dismissed
4 | with prejudice).  The only federal claim that may proceed against Cabral is the now-pending
5 | supervisory liability claim.  *See* Fourth Am. Compl. at 12.

### IV. CONCLUSION

The court **denies defendants' motion on Rule 41 grounds without reaching Rule 12,** and **strikes** plaintiff's first claim as to defendant Travis Cabral.  The case will proceed on the remaining claims and against the other defendants named in first claim.

This order resolves ECF No. 67.

IT IS SO ORDERED.

DATED:  December 28, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE