UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WAYNE S. CALHOON, | Case No.:  2:19-CV-02165-KJM-JDP |
| Plaintiff, | STIPULATED REQUEST TO MODIFY EXISTING STIPULATED PROTECTIVE ORDER PURSUANT TO CIVIL LOCAL RULE 141.1; MODIFIED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS |
| vs. | |
| CITY OF SOUTH LAKE TAHOE POLICE DEPARTMENT, et al, | |
| Defendants. | |
| | ECF No. 84 |

### I. PURPOSE

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Wayne Calhoon ("Plaintiff"), Defendants City of South Lake Tahoe, Nick Carlquist, Derek Simon, Joseph Acker, Matthew Morrison and Travis Cabral (the "City Defendants"), Motel 6 Operating L.P. dba Motel 6 South Lake Tahoe and James Hightower (the "Motel 6 Defendants") (collectively "**the Parties**") – by and through their respective counsel – hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The City Defendants contend that City of South Lake Tahoe police officer personnel records warrant protection under the federal and California constitutional rights to privacy (augmented by Pitchess privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048.)  The Motel 6 Defendants contend that its personnel, employee, and commercial records warrant protection under Federal Rule of Civil Procedure 26(c)(1)(G).

The need for protection of these confidential records should be addressed by a court order, as opposed to a private agreement between the parties, in light of the above contentions that production of the above records would contain confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is likely to be warranted.

### II. BACKGROUND AND PREVIOUS ORDERS

On September 17, 2020, United States Magistrate Judge Edmund F. Brennan granted (in part) Plaintiff's motion compelling the City of South Lake Tahoe to furnish copies of certain personnel records to Plaintiff subject to an appropriate protective order. [ECF No. 33.] In accordance with the

Court's order, the Parties submitted a proposed stipulated protective order and the Court entered a protective order on September 24, 2020. [ECF No. 35.]

The Motel 6 Defendants were subsequently added as defendants in this matter. The Parties anticipate that the Motel 6 Defendants may seek discovery of documents within the scope of the existing protective order between Plaintiff and the City Defendants, as well as producing documents that would be within the scope of said order. The Parties, without waiving any objection to discovery, seek to modify the existing protective order to include the Motel 6 Defendants as a party to same, to facilitate discovery in this case.

For any and all records that a Party in this action considers to be confidential, and therefore subject to this Protective Order, that Party shall clearly mark such documents "Confidential Pursuant to Protective Order."

As to any and all such documents marked in this fashion, the following shall apply:

1. Each such document produced and marked shall only be used for customary and legitimate purposes directly related to the present matter as captioned above.

2. No party may knowingly transfer, publish, or distribute any such document produced and marked to any person except as is necessary for use by an attorney of record in this action, or a person regularly employed in the office of an attorney of record in this action or to a retained expert for a party in this action.

3. Plaintiff in this action shall be permitted to view any and all such records at the discretion of his counsel, but Plaintiff shall not be furnished with a copy or other image of such personnel records or any portion of such documents marked and disclosed by defendants.

4. In the event Plaintiff's counsel deems it necessary to furnish or otherwise disclose a confidential document to a retained expert in this case, that attorney shall first provide each such expert with a copy of this Order and obtain that expert's written agreement to comply with the terms of this Order.

5. No party shall distribute any such disclosed and marked personnel record to any member of the press or to any lawyer not appearing in this case, or to any member of the public for examination, dissemination, or use in any matter whatsoever.

6. Plaintiff's counsel shall without undue delay destroy and remove from its files all confidential personnel records produced by Defendants that relate to any individual dismissed from this case.

7. Plaintiff's counsel shall without undue delay destroy and remove from its files all confidential personnel records after the lapse of all final deadlines for appeal or upon settlement or other resolution of the entire case.

8. Storage of any document marked and produced pursuant to this Protective Order on attorney's secured cloud storage system shall not of itself be deemed a violation of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  February 8, 2022             CITY OF SOUTH LAKE TAHOE
                                     OFFICE OF THE CITY ATTORNEY


                                     By: /s/ Daniel J. Bardzell_____
                                     Daniel J. Bardzell, Assistant City Attorney
                                     Attorneys for Defendants CITY OF SOUTH
                                     LAKE TAHOE POLICE DEPARTMENT,
                                     CITY OF SOUTH LAKE TAHOE,
                                     NICK CARLQUIST, DEREK SIMON,
                                     JOSEPH ACKER, MATTHEW MORRISON,
                                     TRAVIS CABRAL

DATED:  February 8, 2022             RAFF LAW, APC


                                     By: /s/ Edwin J. Bradley_____
                                     Edwin J. Bradley, Of Counsel
                                     Attorneys for Plaintiff WAYNE CALHOON

DATED:  February 8, 2022             VENABLE, LLC


                                     By: /s/ Shannon E. Beamer_____
                                     Shannon E. Beamer, Esq.
                                     Attorneys for MOTEL 6 and JAMES HIGHTOWER

**ORDER**

The parties' stipulated modification of protective order, ECF No. 84, is approved.

IT IS SO ORDERED.

Dated:   February 10, 2022

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE